FILED
United States Court of Appeals
Tenth Circuit

May 17, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY W. THOMAS; JUDITH A.
THOMAS,

      Plaintiffs - Appellants,

v.

FARMERS INSURANCE COMPANY,
INC.,

      Defendant - Appellee.

No. 18-5049
(D.C. No. 4:16-CV-00017-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

This is a diversity action brought pursuant to 28 U.S.C. § 1332(a)(1).  Farmers

Insurance Company, a Kansas corporation, refused to pay for alleged earthquake

damage to a house owned by policyholders, and Oklahoma citizens, Larry and Judith

Thomas.  The Thomases sued Farmers for breach of contract, bad faith, and punitive

damages under Oklahoma state law.  After a five-day jury trial, the jury returned a

verdict for Farmers on Count I (breach of contract) and Count II (bad faith).  Because

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the jury did not find bad faith, the district court did not instruct the jury on punitive damages.

On appeal, the Thomases assert that (1) the district court admitted irrelevant and prejudicial evidence concerning an alternative theory of causation in violation of Oklahoma law, (2) the district court erroneously instructed the jury, and (3) upon remand, the district court should instruct the jury regarding punitive damages. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## Background

The Thomases have owned a home in Sand Springs, Oklahoma, for over thirty years. On December 14, 2012, the Thomases' homeowner's insurance policy provided by Farmers became effective. This insurance policy contained an earthquake endorsement that protects the home against certain damage caused by earthquakes. On November 12, 2014, a 4.9 magnitude earthquake (the "2014 Earthquake") struck Conway Springs, Kansas. This is approximately 112 miles from Sand Springs, Oklahoma. Two days later, Jodi Thomas noticed that the slab floor in a utility closet was broken and had collapsed four inches. She suspected that the 2014 Earthquake caused the damage and reported the damage to her Farmers agent. Farmers investigated the claim, and ultimately denied the claim for damages to the home because "the damage was not caused by earthquake activity." App. Vol. VI at 823. Farmers denied the claim a second time after the Thomases sent additional documentation and engineering reports concerning the damage to their home because

2

"[t]he damage [to the home] was determined to not be caused by an earthquake." App. Vol. III at 557.

While Farmers twice told the Thomases that it denied coverage under the insurance policy because the damage was not caused by earthquake activity, at trial Farmers gave a different reason for its denial. At trial, Farmers argued for the first time that an earlier earthquake in 2011 (the "2011 Earthquake") caused the damage to the Thomases' home. The 2011 Earthquake was a 5.3 magnitude earthquake that struck near Prague, Oklahoma, which is 55 miles from the Thomases' home in Sand Springs, Oklahoma.

On appeal, the Thomases first argue that by changing its rationale for denying the claim Farmers acted contrary to Oklahoma case law. *See Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991) ("The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy." (internal quotation marks and emphasis omitted)). Second, the Thomases argue the district court erred in giving Jury Instruction Number 13 because the instruction "highlighted for the jury the overly prejudicial evidence concerning the [2011 E]arthquake." Aplt. Opening Br. at 28. Finally, the Thomases assert that, if the case is reversed and remanded, the jury should be instructed on punitive damages. For the reasons that follow, we find the Thomases' arguments unpersuasive.

3

**Discussion**

Under *Buzzard*, a claim for bad faith in the insurance context turns on "whether the insurer had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy." 824 P.2d at 1109 (emphasis and internal quotation marks omitted). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances." *Id.* Accordingly, "the focus of a bad-faith claim" is "[t]he knowledge and belief of the insurer during the time period the claim is being reviewed." *Id.* In other words, *Buzzard* holds that under Oklahoma law an insurance bad faith claim is premised on the actual reason the insurance company gave when it denied the claim, not a post-denial rationalization. Therefore, evidence that supports a post-denial rationalization, rather than the evidence that the insurance company actually relied on when initially denying a claim, is inadmissible under *Buzzard*.

In this case, the record reflects that the 2011 Earthquake was never the reason Farmers gave when it denied the Thomases' claim. In fact, Farmers expressly stated in both denial letters that the damage to the property was not caused by earthquake activity at all. But the Thomases never objected at trial when Farmers presented its new rationale for denying the claim. While the Thomases claim to have objected in the trial court "as soon as it became evident at trial," Aplt. Reply Br. at 7, the portions of the record they cite—throughout both their opening brief and reply brief—contain no objections to Farmers' new theory. Since the Thomases failed to

4

object in the district court, the argument is forfeited. *See Avenue Capital Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 885–86 (10th Cir. 2016). And even if we were to entertain the *Buzzard* challenge and review for plain error, it would still fail. The Thomases fail to show prejudice to satisfy the third prong of plain error review. On cross examination, the Thomases' own expert conceded that, under a United States Geological Survey earthquake scale, the surface impact of the 2014 Earthquake near the Thomases' home was II or III ("weak") and the potential damage expected from a level II or III earthquake under the scale is "none." Aple. Supp. App. at 48.

The Thomases also challenge Jury Instruction Number 13. They claim that the instruction "was improper because it prompted the jury to draw undue attention to exclusions in the policy." Aplt. Opening Br. at 28. We review "a district court's decision to give a particular jury instruction for abuse of discretion" and "the district court's interpretation of state law de novo." *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1079 (10th Cir. 2010) (internal quotation marks omitted). "In doing so, we also consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1140–41 (10th Cir. 2006) (internal quotation marks omitted).

"The essence of a bad-faith action is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy." *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal quotation marks omitted). But "[t]he tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense."

5

*Id.* (internal quotation marks omitted). And an insurer's good faith belief that the insurance policy excludes certain types of damage is a legitimate defense to its denial of a claim. *Baily v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006). Therefore, the district court was correct to instruct the jury regarding exclusion from coverage. After all, if a policy exclusion applies, Farmers has a reasonable basis to deny the claim.

Jury Instruction Number 13 provides the following:

### LOSS OR DAMAGE CAUSED BY, RESULTING FROM, OR ARISING OUT OF AN EXCLUDED CAUSE OF LOSS

Coverage under the policy is only available if the damages asserted were caused by an earthquake and not by any excluded causes.

Accordingly, to succeed on their claims under the policy, the Plaintiffs must prove by the greater weight of the evidence that no excluded causes of loss directly or indirectly contributed to the damage asserted. If you find that the chain of causation includes any excluded causes, coverage does not apply.

Thus, if you find that any loss or damage to the Plaintiffs' property was:

- directly or indirectly caused by a cause of loss or damage that is excluded under the policy;
- arose out of a cause of loss or damage that is excluded under the policy; and/or
- resulted from a cause of loss or damage that is excluded under the policy;

then you must find Plaintiffs' loss or damage is not covered by the policy.

This loss or damage is not covered by the policy regardless of whether the earthquake may have also aggravated or contributed concurrently or in any combination or sequence with that excluded cause of loss or damage to cause loss or damage to the Plaintiffs' property.

App Vol I at 127–28. This instruction accurately states the applicable law, and therefore the district court did not abuse its discretion in providing it to the jury.

6

Finally, the Thomases assert that the district court erred when it failed to provide a punitive damages instruction and that should we reverse and remand for a new trial, they are entitled to a punitive damages instruction. However, given that the Thomases have not successfully challenged the jury verdict in this appeal, they are not entitled to a new trial on remand. Moreover, the district court did not err when it did not provide a punitive damages instruction. Under Oklahoma law, a jury must find "by clear and convincing evidence" that an "insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" *and* award "actual damages" *before* a punitive damages instruction is given to the jury "in a separate proceeding." Okla. Stat. tit. 23 § 9.1(B)(2). As there was no finding of bad faith by the jury, the Thomases were not entitled to a punitive damages instruction.

## Conclusion

The district court's judgment is affirmed. We grant the motion to supplement the appendix filed by the Thomases.

Entered for the Court

Mary Beck Briscoe
Circuit Judge